### HORATIO FREEMAN *v.* ISAAC NEWTON and DANIEL DREW.

A claim for damages for goods lost by common carriers may be assigned.

Such assignment would have been good before the enactment of the Code; although the assignee could not then have maintained an action thereon in his own name.

The rule is, that claims for damages to property which may be the subject of a contract, and where the right of recovery would pass, on the death of the party, to his executors or administrators, as assets, may be assigned; although it is otherwise as to torts purely personal and the claim for which dies with the person.

The defendants, in an action brought by such assignee, having pleaded, in abatement of the action, the non-joinder of the plaintiff's assign or as a party defendant, and that plea being adjudged bad in the court below—the defendants having pleaded to the merits and gone to trial; *held*, on appeal, that the matter in abatement was waived by pleading to the merits, and that the decision on the demurrer could not, therefore, be reviewed.

But, *it seems*, that it is not necessary to make the assignor a party to the suit in such case.

*It seems*, however, that a court, having power to make a direction for that purpose, might, under some circumstances, order an alleged assignor to be brought in, to protect the defendant against another suit in the name of the assignor, in which the execution of any assignment might be denied by the latter.

A notice, posted in the carriers' steamboat, that the owners will not be liable for baggage, unless it is checked, will not (if it be of any force), protect them against the claim of a passenger who delivered his baggage to their agent on board the boat, and demanded a check, but failed to obtain it because the person whose duty it was to give checks was not present.

The decisions made by this court—dissenting from the Supreme Court in some of the districts—reaffirmed, to the effect that it is not necessary for an assignee of a cause of action to give notice of an intention to examine his assignor as a witness, under § 399 of the Code, unless the evidence is offered against an assignee or an executor or adminstrator. (*a*)

---

(*a*) See 1 E. D. Smith, 313, and note *a*, id.; 2 ib. 91 and 385; also opinion of DENIO, J., 3 Kernan, 252. The amendments made to this section of the Code (see Session Laws of 1857, vol. i., chap. 353, p. 744), permit parties, under some limitations and conditions, to be witnesses in their own behalf, and provide, that when an assignor is examined, the adverse party may not only testify to the same matter, but also to any matter discharging him from any liability, for which the testimony of the assignor tends to render him liable. While these changes have been adopted, the language of the section, as respects the question considered in this

Freeman *v.* Newton.

THIS action was against common carriers and owners of a steamboat running between New York and Albany, and was brought by the plaintiff as the assignee of the claim of a passenger, for the value of baggage lost through the alleged negligence of the defendants.

The cause was prosecuted in the Sixth District Court. The

---

case, remains unchanged. The act of 1857, now referred to, amendatory of section 399, is as follows:

AN ACT TO AMEND SECTION THREE HUNDRED AND NINETY-NINE OF THE CODE OF PROCEDURE. PASSED APRIL 13, 1857.

*The people of the state of New York, represented in senate and assembly, do enact as follows:*

§ 1. Section three hundred and ninety-nine of the Code of Procedure, is hereby amended so as to read as follows:

A party to an action or proceeding may be examined as a witness in his own behalf the same as any other witness, but such examination shall not be had, nor shall any other person for whose immediate benefit the same is prosecuted or defended, be so examined, unless the adverse party or person in interest is living, nor when the opposite party shall be the assignee, administrator, executor, or legal representative of a deceased person, nor unless ten days' notice of such intended examination of the party or person interested, specifying the points upon which such party or person is intended to be examined, shall be given in writing to the adverse party, except that, in special proceedings of a summary nature, such reasonable notice of such intended examination shall be given as shall be prescribed by the court or judge. And when notice of such intended examination shall be given in an action or proceeding, in which the opposite party shall reside out of the jurisdiction of the court, such party may be examined by commission issued and executed as now provided by law; and whenever a party or person in interest has been examined under the provisions of this section, the other party or person in interest may offer himself as a witness in his own behalf, and shall be so received. When an assignor of a thing in action or contract is examined as a witness on behalf of any person deriving title through or from him, the adverse party may offer himself as a witness to the same matter in his own behalf, and shall be so received, and to any matter that will discharge him from any liability that the testimony of the assignor tends to render him liable for. But such assignor shall not be admitted to be examined in behalf of any person deriving title through or from him, against an assignee, or an executor, or administrator, unless the other party to such contract or thing in action whom the defendant or plaintiff represents is living, and his testimony can be procured for such examination, nor unless at least ten days' notice of such intended examination of the assignor, specifying the points upon which he is intended to be examined, shall be given in writing to the adverse party.

return stated that the defendants first pleaded in abatement the non-joinder of the assignor as a party defendant, and insisted that he should have been made a party to estop him from ever bringing a suit against the defendants upon the same cause of action, upon the ground or pretence that he had not, in fact, executed the assignment set up by the plaintiff. A demurrer was interposed to this plea, and was sustained in the court below, whereupon the defendants answered upon the merits, claiming, among other things, that the cause of action was not assignable.

Judgment having been rendered against the defendants, they appealed to this court. The grounds of appeal, in the order in which they are discussed, and so much of the evidence as is material to the points determined, appear in the opinion.

*Thomas Darlington*, for the defendants.

*Nehemiah Millard*, for the plaintiff.

BY THE COURT. WOODRUFF, J.—We have repeatedly held that when it is intended to examine the assignor of a thing in action as a witness, it is not necessary to give notice of that intention where the evidence is not to be used " against an assignee or executor or administrator." And although we regret that we differ in this respect from some of the judges of the Supreme Court, we are not satisfied that our construction of the 299th section of the Code is erroneous. The reasons given for their opinions appear to us entitled to grave consideration by the legislature, and are, perhaps, quite sufficient to show that the law ought to be in accordance with their decision. They do not, however, satisfy us that the law, as enacted, is other than we have heretofore considered it. We trust that the court of last resort will soon relieve us and the profession from the embarrassment which this conflict of opinion necessarily occasions.

All the matters assigned in the notice of this appeal as ground for reversal, which relate to the sufficiency of the notice of the intended examination of the assignor, or of the proof of service

thereof, must be laid out of view. In our opinion the evidence on that subject was wholly unnecessary and irrelevant.

Most of the other reasons stated as grounds of appeal relate to the facts in issue and the sufficiency of the proof. The action is brought by the plaintiff, as assignee of Charles B. Freeman, to recover damages for the loss of baggage alleged to have been delivered to the defendants, as common carriers, to be transported on the passage of the assignor from Albany to New York.

It is stated in the notice of appeal that there was no sufficient proof of the assignment of the claim and of the delivery of the assignment to the plaintiff.

The assignment was produced in court by the plaintiff through his counsel. Its execution was duly proved by the subscribing witness, and it purports to transfer the carpet bag and its contents, described as lost or stolen, etc., and all rights of the assignor to collect and receive the same or payment therefor. We perceive in this no deficiency of proof; the assignment is upon valuable consideration; its execution was sworn to, and its production in court by the plaintiff through his counsel was *primâ facie* evidence of its delivery.

We are not informed by the appellant in what particular or on what ground he claims that there was any insufficiency or imperfection in this proof, nor do we discover any.

But another ground of appeal is that the claim is not assignable. There is no foundation for this objection.

It is quite true that before the enactment of our Code a claim for damages against a common carrier for the loss of goods, whether the suit was prosecuted in the form of contract or of tort, could not have been prosecuted in the name of the assignee, and in that sense is said not to be assignable, *i. e.* not so as to enable the assignee to sue in his own name, although after such an assignment of the chattel itself, the assignee, upon a fresh demand, was held entitled to maintain trover in his own name. (*Hall* v. *Robinson*, 2 Comst. 293.)

But it is well settled that claims for damages to property which may be the subject of a contract, and where the right

of recovery would pass, on the death of the party, to his executors and administrators, as assets, may be assigned, and the rights of the assignee will be protected, though it is otherwise as to torts purely personal and the claim for which dies with the person. (See *The People* v. *Tioga Com. Pleas*, 19 Wend. 73; *Hoyt* v. *Thompson*, 1 Selden, 320, 347.)

A further alleged ground of appeal is that the assignor should have been made a party defendant. This objection was sought to be raised by plea in abatement, and was matter of abatement only.

A demurrer would lie in a justice's court to such a plea. (See Code, § 64, subd. 6.) But when the plea was adjudged insufficient, the defendant had his option to answer to the merits or to rely upon an appeal from the judgment of the justice upon the matter in abatement, and he is bound by his election. By pleading to the merits he waived the matter of abatement, and so we have repeatedly held.

It is not, therefore, necessary for us to decide whether, since the alteration of the law in such wise, that the suit may now be brought in the name of an assignee, the defendant has a right to require the assignor to be made a party, so that he shall be concluded by the judgment and the defendant be protected against another suit in the name of the assignor, in which the execution of any assignment might possibly be denied by the latter. There may, no doubt, be cases in which the courts, who have power to make a direction to that effect, may order an alleged assignor to be brought in, so that the defendant may be fully protected, but ordinarily it will not be necessary. It was never suggested that the endorsee of a note could require the payee to be made a party to a suit against the makers, through an apprehension that such payee might afterwards bring suit on the note and prove that the alleged endorsement was a forgery. Nor even on a foreclosure of a mortgage in equity, when the bill was filed by the assignee of the mortgage, was it deemed necessary to make the alleged assignor of the mortgage a party, through any such apprehension of a possible fraud. When a defendant seeks, upon a sufficient ground of

Freeman *v.* Newton.

apprehension, for the equitable interposition of the court, and shows fraud, mistake, or other reason therefor, it may be granted; but in a case like the present it seems sufficient that he had a full opportunity to contest the plaintiff's right to sue, and examine the assignor himself in support of his defence.

The other grounds of appeal relate to the question whether the defendants ever received the baggage into their custody, and whether the plaintiff could recover notwithstanding the notice posted in the defendants' steamboat that they would not be responsible unless the passenger procured a check for his baggage.

As to the first, it should suffice to say that there was evidence in support of the finding of the court below. There was some conflict upon the point whether the person who took the baggage at the railroad to carry to the boat was or was not the defendants' agent. If the case rested upon that conflict alone, we must hold the finding below conclusive. But there was evidence that it was actually delivered on board the defendants' boat and was in charge of the person engaged there in handling the baggage. This also, we think, warranted a finding that the defendants received the baggage for carriage as alleged; and one witness testified that the boats were the defendants' boats. This was enough to establish a joint liability.

As to the claim that the defendants are not liable because the passenger received no check—while we do not intend to decide that by putting up such notices the defendants can protect themselves against liability where the baggage is delivered on board their steamboat to their agents in charge of baggage there—we do say that when the passenger delivers his baggage to the agent and demands a check and it is not furnished to him, that is enough. The defendants cannot protect themselves by saying they will not be liable unless a check is received by the passenger without providing the means of procuring checks, and if the person whose duty it was to give checks is not at his post when baggage is received, the passenger is not to be prejudiced thereby.

The judgment must be affirmed, with costs.

Judgment affirmed, with costs.